# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

| | |
|---|---|
| **Road-Con, Inc.**; **Neshaminy Constructors, Inc.**; **Loftus Construction, Inc.**; **PKF-Mark III, Inc.**; **Scott A. LaCava** <br><br> *Plaintiffs-Appellants*, <br><br> v. <br><br> **City of Philadelphia**; **Mayor of Philadelphia**, <br><br> *Defendants-Appellees*, <br><br> and <br><br> **Mechanical Contractors Association of Eastern Pennsylvania, Inc. d/b/a Mechanical and Service Contractors Association of Eastern Pennsylvania**; **National Electrical Contractors Association, Penn-Del-Jersey Chapter**, <br><br> *Intervenors in District Court*. | No. 23-1782 |

### MOTION FOR LEAVE TO FILE AN AMICUS BRIEF BY NORTH AMERICA'S BUILDING TRADES UNIONS AND PHILADELPHIA BUILDING AND CONSTRUCTION TRADES COUNCIL IN SUPPORT OF DEFENDANTS-APPELLEES' PETITION FOR REHEARING

North America's Building Trades Unions ("NABTU") and the Philadelphia Building and Construction Trades Council (together with NABTU, "Building Trades Unions") respectfully move for leave to file an amicus brief in support of Defendants-Appellees' petition for rehearing.

NABTU is a labor organization composed of fourteen national and international unions and over 330 provincial, state, and local building and construction trades councils representing more than three million workers in the construction industry. The Philadelphia Building and Construction Trades Council (together with NABTU, "Building Trades Unions") is one of NABTU's local councils and represents more than fifty local construction unions in the Greater Philadelphia region. NABTU and its local councils negotiate project labor agreements ("PLAs") — including the PLAs at issue in this case — across the country.

The Building Trades Unions' proposed brief directly addresses the panel's handling of *Associated Builders & Contractors Western Pennsylvania v. Community College of Allegheny County*, 81 F.4th 279 (3d Cir. 2023). That case involved similar PLAs, a similar First Amendment challenge, and similar standing issues. The Court correctly

held that the plaintiffs in that case lacked standing because they failed to show an actual or imminent injury in fact. *Id.* at 289-90. However, the panel here misread *Associated Builders & Contractors* to hold that exclusive representation, referral systems, and union security clauses all cause First Amendment injuries. The attached proposed brief explains how the panel's opinion misinterpreted *Associated Builders & Contractors* to dramatically expand the types of injuries providing standing to challenge PLAs. The panel should have applied settled Third Circuit law to find (1) that the sole employee in this case has not demonstrated an injury to a legally protected *Janus* interest, and (2) that the contractors do not have third-party standing to assert the employee's rights.

The Building Trades Unions have a strong interest in urging the panel to reconsider its decision because the Philadelphia Building and Construction Trades Council is party to the PLA at issue. The Building Trades Unions believe the proposed brief will help the panel reconsider its initial analysis of the Plaintiffs-Appellants' standing under *Associated Builders & Contractors* and related cases.

For the above reasons, this Court should grant the Building Trades

3

Unions' motion for leave to file.

                                      Respectfully submitted,

                                      <u>s/ Jacob J. Demree</u>
Jonathan D. Newman
Jacob J. Demree
    D.C. Bar No. 90012042
SHERMAN DUNN, P.C.
900 Seventh St., N.W.
Suite 1000
Washington, D.C. 20001
(202) 785-9300
newman@shermandunn.com
demree@shermandunn.com

November 19, 2024                      *Counsel for Building Trades Unions*

# CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limit of Rule 27(d)(2)(A) because, excluding the parts of the document exempted by Rule 32(f), it contains 366 words.

2. This document complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Office Word 365 in Century Schoolbook font and fourteen-point type.

3. In accordance with Local Rule 28.3(d), I certify that I am a member of the bar of the Third Circuit in good standing.

4. In accordance with Local Rule 31.1(c), this document has been scanned for viruses using VIPRE Endpoint Security and is free of viruses.

s/ Jacob J. Demree
Jacob J. Demree
   D.C. Bar No. 90012042
SHERMAN DUNN, P.C.
900 Seventh St., N.W.
Suite 1000
Washington, D.C. 20001
(202) 785-9300
demree@shermandunn.com

# CERTIFICATE OF SERVICE

I certify that on November 19, 2024, this brief was filed using the Court's CM/ECF system. All attorney participants in the case are registered CM/ECF users and will be served electronically via that system.

s/ Jacob J. Demree
Jacob J. Demree
   D.C. Bar No. 90012042
SHERMAN DUNN, P.C.
900 Seventh St., N.W.
Suite 1000
Washington, D.C. 20001
(202) 785-9300
demree@shermandunn.com
