No. 23-1782

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

Road-Con, Inc.; Neshaminy Constructors, Inc.;
Loftus Construction, Inc.; PKF-Mark III, Inc.; Scott A. LaCava,
                                          Plaintiffs-Appellants,

v.

City of Philadelphia; Mayor of Philadelphia,
                                          Defendants-Appellees,

and

Mechanical Contractors Association of Eastern Pennsylvania, Inc.
d/b/a Mechanical and Service Contractors Association of Eastern
Pennsylvania; National Electrical Contractors Association,
Penn-Del-Jersey Chapter,
                                          Intervenors in District Court.

Appeal from the United States District Court
for the Eastern District of Pennsylvania
Case No. 2:19-cv-1667

## BRIEF OF AMICI CURIAE NORTH AMERICA'S BUILDING TRADES UNIONS AND PHILADELPHIA BUILDING AND CONSTRUCTION TRADES COUNCIL IN SUPPORT OF DEFENDANTS-APPELLEES' PETITION FOR REHEARING

Jonathan D. Newman
Jacob J. Demree
SHERMAN DUNN, P.C.
900 Seventh St., N.W.
Suite 1000
Washington, D.C. 20001
(202) 785-9300

*Counsel for Amici Building Trades Unions*

November 19, 2024

# CORPORATE DISCLOSURE STATEMENT

In accordance with Federal Rule of Appellate Procedure 26.1 and Local Rule 26.1, Amici North America's Building Trades Unions and Philadelphia Building and Construction Trades Council provide the following corporate disclosure statement:

North America's Building Trades Unions is an unincorporated labor association. It has no parent companies, and no publicly held company holds ten percent or more of its stock.

The Philadelphia Building and Construction Trades Council is an unincorporated labor association. It has no parent companies, and no publicly held company holds ten percent or more of its stock.

# TABLE OF CONTENTS

Corporate Disclosure Statement ................................................................. i

Table of Authorities ................................................................................ iii

Statement of Interest ................................................................................ 1

Argument ................................................................................................. 3

    The Court Should Grant Defendants-Appellees' Petition for Rehearing Because the Panel Misapplied Settled Third Circuit Standing Caselaw. ........................................................... 3

        A.    The Panel Should Correct Its Misuse of *Associated Builders & Contractors* on Page 9. .............. 3

        B.    Settled Standing Caselaw Shows that None of the Plaintiffs-Appellants Have Standing to Bring Their First Amendment Challenge ............................. 5

Conclusion ............................................................................................. 11

Certificate of Compliance .........................................................................

Certificate of Service ...............................................................................

# TABLE OF AUTHORITIES

**Cases**                                                                                                                                      **Page(s)**

*Adams v. Teamsters Union Loc. 429*,
    No. 20-1824, 2022 U.S. App. LEXIS 1615 (3d Cir. Jan. 20,
    2022) .................................................................................................... 4

*Amato v. Wilentz*,
    952 F.2d 742 (3d Cir. 1991) ............................................................... 10

*Associated Builders & Contractors W. Pa. v. Cmty. Coll. of
    Allegheny Cnty.*, 81 F.4th 279 (3d Cir. 2023) ................................ 1-6

*Clapper v. Amnesty Int'l USA*,
    568 U.S. 398 (2013) ............................................................................. 8

*Janus v. AFSCME Council 31*,
    585 U.S. 878 (2018) ........................................................................ 4-7, 9

*Kowalski v. Tesmer*,
    543 U.S. 125 (2004) ............................................................................. 9

*LaSpina v. SEIU Pa. State Council*,
    985 F.3d 278 (3d Cir. 2021) ............................................................. 6-7

*Minn. State Bd. for Cmty. Colls. v. Knight*,
    465 U.S. 271 (1984) ............................................................................. 4

*Nasir v. Morgan*,
    350 F.3d 366 (3d Cir. 2003) ............................................................. 10

*Phila. Marine Trade Ass'n-Int'l Longshoremen's Ass'n Pension
    Fund v. Comm'r*, 523 F.3d 140 (3d Cir. 2008) ................................ 9

*Warth v. Seldin*,
    422 U.S. 490 (1975) ............................................................................. 9

**Other Authorities**

Fed. R. App. P. 29(a)(4)(E) ................................................................... 2

Fed. R. App. P. 29(b)(2) ........................................................................ 2

U.S. Const. amend. I ................................................................ 2-5, 7, 9

U.S. Const. amend. XIV ..................................................................... 10

# STATEMENT OF INTEREST

North America's Building Trades Unions ("NABTU") is a labor organization composed of fourteen national and international unions and over 330 provincial, state, and local building and construction trades councils, which together represent more than three million workers in the construction industry. The Philadelphia Building and Construction Trades Council (together with NABTU, "Building Trades Unions") is one of NABTU's local councils and represents more than fifty local construction unions in the Greater Philadelphia region.

NABTU and its local councils negotiate project labor agreements ("PLAs") across the country to "provide for the efficient, safe, quality and timely completion of projects in a manner designed to afford the lowest reasonable cost" to both private and public entities. Appx. 648 (Template PLA). Public entities often use PLAs, like the ones negotiated by the Philadelphia Building and Construction Trades Council at issue here, to promote equal employment opportunity and foster secure, middle-class "employment opportunities for minorities, women, . . . residents and the economically disadvantaged in the construction industry." *Id.*

Last year, the Court decided *Associated Builders & Contractors*

1

*Western Pennsylvania v. Community College of Allegheny County*, 81 F.4th 279 (3d Cir. 2023), a case involving similar PLAs, a similar First Amendment challenge, and similar standing issues. "Bound by the limits of [its] constitutionally endowed power," the panel in that case wisely dismissed the plaintiffs' claims for lack of an actual or imminent injury. *Id.* at 291. In so doing, the Court put to rest claims by contractors that "never experienced and never will experience a compelled association or economic harm" and claims by employees who never "desire[d] to, actually did, or intend[ed] to work on PLA-covered public projects." *Id.* at 289-90. The panel in this case misread *Associated Builders & Contractors*, and the Building Trades Unions have a strong interest in urging the panel to reconsider its decision.

The Building Trades Unions file this brief with leave of the Court under Federal Rule of Appellate Procedure 29(b)(2). Pursuant to Federal Rule of Appellate Procedure 29(a)(4)(E), the Building Trades Unions and their counsel declare that: (1) no party's counsel authored this brief in whole or in part; (2) no party or party's counsel contributed money to fund the preparation or submission of the brief; and (3) no person other than the Building Trades Unions, their members, and their counsel has

2

contributed money to fund the preparation or submission of the brief.

## ARGUMENT

**The Court Should Grant Defendants-Appellees' Petition for Rehearing Because the Panel Misapplied Settled Third Circuit Standing Caselaw.**

***A.   The Panel Should Correct Its Misuse of* Associated Builders & Contractors *on Page 9.***

On page 9 of its opinion, the panel misread *Associated Builders & Contractors Western Pennsylvania v. Community College of Allegheny County*, 81 F.4th 279 (3d Cir. 2023) to hold that contractors and employees suffer injuries to their legally protected First Amendment interests when they are "forced to recognize a union as the exclusive representative of employees, hire employees from a union's job-referral system[], and financially contribute to unions in order to work on PLA-covered public projects." Panel Op. 9 (quoting *Associated Builders & Contractors*, 81 F.4th at 289) (alterations in original). Or, in other words, exclusive representation, referral systems, and union security clauses all cause First Amendment injuries.

But the language quoted on page 9 was the Court characterizing the plaintiffs' *complaint* and was not in any way a holding of the Court. *See Associated Builders & Contractors*, 81 F.4th at 289 (quoting what

3

"Plaintiffs allege[d]" in their complaint). The panel here was wrong to rely on that language, and if nothing else, it should modify and correct its opinion to remove the mistaken reading of *Associated Builders & Contractors* on page 9 of its decision.

Left undisturbed, this panel's mistaken quote of *Associated Builders & Contractors* would constitute an unprecedented and unsupported expansion of that opinion that will only lead to further and unnecessary litigation. For example, this panel's implication that being "forced to recognize a union as the exclusive representative of employees" states a First Amendment injury, Panel Op. 9, is counter to the Supreme Court's decision in *Minnesota State Board for Community Colleges v. Knight*, 465 U.S. 271, 288 (1984), which upheld the constitutionality of exclusive representation, and this Court's decision in *Adams v. Teamsters Union Local 429*, No. 20-1824, 2022 U.S. App. LEXIS 1615 (3d Cir. Jan. 20, 2022), in which the Court held that, "consistent with every Court of Appeals to consider a post-*Janus* challenge to an exclusive representation law," Pennsylvania's exclusive representation law "does not violate the First Amendment." *Id.* at *4.

Further, the *Associated Builders & Contractors* panel never applied

4

*Janus v. AFSCME Council 31*, 585 U.S. 878 (2018), which concerned union security clauses, because it declined to reach the merits. *Associated Builders & Contractors*, 81 F.4th at 291 n.8. The *Associated Builders & Contractors* panel also never decided whether exclusive representation, referral systems, or union security clauses amounted to a legally protected First Amendment injury, because it was satisfied that the plaintiffs' injuries were neither actual nor imminent. *Id.* at 289-91. The allegations quoted on page 9 of the panel's opinion cannot be the holding or teaching of *Associated Builders & Contractors*, and it was an error to apply them as if they were persuasive authority. The panel should correct that mistake.

> **B. Settled Standing Caselaw Shows that None of the Plaintiffs-Appellants Have Standing to Bring Their First Amendment Challenge.**

**1.** This case was indisputably a *Janus* case by the time it reached the panel. Originally, the Third Amended Complaint alleged three theories of First Amendment injury. *See* Appx. 22 (D. Ct. Op.) (citing Third Amended Complaint ¶¶ 138-40, Appx. 888-89). However, Plaintiffs-Appellants waived any non-*Janus* theories by exclusively arguing the *Janus* issue below and to the panel. *See id.*; Opening Br. 43-

45.

The *Janus* right not to be compelled to subsidize a public sector union belongs to employees, not their employers. *See Janus*, 585 U.S. at 929-30 ("States and public-sector unions may no longer extract agency fees from nonconsenting *employees*," "[u]nless *employees* clearly and affirmatively consent before any money is taken from them.") (emphasis added). The Court did not address whether Scott LaCava — the only Plaintiff-Appellee in this case who is an employee — has standing to pursue the *Janus* claim. That alone is cause to rehear the case. The panel erred by treating the standing of all the Plaintiffs-Appellants together, rather than addressing the standing of the only Plaintiff-Appellant who could bring a *Janus* claim. *E.g.*, Panel Op. 9-10 ("*Plaintiffs'* injury is concrete," "*Plaintiffs* [were] ineligible to work on city projects," "*Plaintiffs'* future injuries are also imminent," etc.) (emphasis added).

Two years before *Associated Builders & Contractors*, in *LaSpina v. SEIU Pennsylvania State Council*, 985 F.3d 278 (3d Cir. 2021), the Court announced what is necessary to show an injury to a legally protected interest under *Janus*. Because "[t]he core of *Janus* concerns not the

6

constitutionality of agency *shops*, as such, but the constitutionality of compulsory agency *fees*," "any injury predicated on *Janus* must stem from that core holding." *Id.* at 286 (citing *Janus*, 585 U.S. at 884-85). In *LaSpina*, the employee *voluntarily* "paid full membership dues" and was not forced to pay any agency fees, so she "d[id] not advance the paradigmatic *Janus* injury" and lacked standing. *Id.* at 285.

To have standing for the First Amendment *Janus* claim, Plaintiffs-Appellants had to show that LaCava was actually forced to pay dues or fees to a union as a condition of working under a PLA or was imminently at risk of being required to pay such dues or fees. *LaSpina*, 985 F.3d at 285-86. They did not do so.

LaCava was never actually required to pay any dues or fees to a building trades union against his will, nor was he in any imminent danger of being required to do so. He never worked on a project for the City of Philadelphia, meaning he was never forced to subsidize a building trades union pursuant to the PLA's union security clause. Appx. 454 (LaCava Dep.). LaCava's employer (Road-Con) never bid on PLA-covered projects. Appx. 826, 833 (Hoffman Dep.). It did bid on the two PLA-covered projects at issue in this case, Appx. 466 ¶ 26; 467 ¶ 36 (Pls.'

7

Statement of Material Facts), but only after the PLAs were removed, Appx. 829-30 (Hoffman Dep.). Therefore, not only has LaCava never paid dues to a building trades union, but he also was never in any imminent danger of being compelled to make such payments.

Further, even if the PLA had not been removed from the bidding requirements when Road-Con bid, LaCava could only demonstrate a future injury by assuming a series of speculative events. Road-Con would have had to win the bid (which would be unlikely, given that Road-Con was not the lowest responsible bidder after the PLAs were removed, Appx. 829-30 (Hoffman Dep.)), Road-Con would have had to assign LaCava to work on the PLA-covered project, and then LaCava would have had to have been forced to pay dues or fees to the building trades unions. That chain of events is too speculative to demonstrate an imminent future injury. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (imminence cannot be stretched beyond its purpose of ensuring that an alleged injury is not too speculative).

Because Plaintiffs-Appellants have not shown that LaCava was compelled to subsidize any building trades union or was in any imminent danger of being required to do so in the future, the only plaintiff who

8

could have standing to assert the First Amendment claim lacks standing to do so. Therefore, the panel should reconsider its decision on that claim.

**2.** The contractors do not have standing to assert LaCava's *Janus* claim. Plaintiffs "must assert [their] own legal rights and interests, and cannot rest [their] claim to relief on the legal rights or interests of third parties" unless they show (1) that the third parties face a *hindrance* to asserting their own rights, (2) that they have a *close relationship* with the third parties, and (3) that they themselves have *standing*. *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *see Kowalski v. Tesmer*, 543 U.S. 125, 130 (2004). Road-Con, Neshaminy Constructors, Loftus Construction, and PKF-Mark III do not meet that third-party standing test because there is no hindrance whatsoever to their employees' ability to protect their *Janus* rights. LaCava (Road-Con's employee) is a plaintiff *in this case*, so nothing prevents him or any other employee from asserting their rights. *See Phila. Marine Trade Ass'n-Int'l Longshoremen's Ass'n Pension Fund v. Comm'r*, 523 F.3d 140, 145-46 (3d Cir. 2008).

Nor do the contractors meet the other two prongs. Their interest in the case — winning more projects "with their current workforces" — is not sufficiently close to their employees' interest — not losing their jobs

9

if they refuse to pay fees to a building trades union on PLA-covered projects. Opening Br. 35; *see, e.g.*, *Amato v. Wilentz*, 952 F.2d 742, 753 (3d Cir. 1991) (plaintiff who suffered injury of one type not sufficiently close to third party who risked injury of another type). The contractors would not be fully effective proponents of their employees' interests. *See Nasir v. Morgan*, 350 F.3d 366, 376 (3d Cir. 2003). Plus, as Defendants-Appellees explain on pages 6 to 8 of their petition, the contractors have not shown that they have or are imminently likely to bid on PLA-covered projects, so they lack standing.[1]

---

[1] The Building Trades Unions agree with the reasons stated in Defendants-Appellees' petition for reconsidering the panel's decision. The Building Trades Unions particularly support their argument that the panel should reconsider its opinion on the Equal Protection claim. PLA users often seek to have NABTU's affiliates agree to hiring goals with respect to minority and female participation on construction projects. As Defendants-Appellees explain on pages 2 to 3 of their petition, those goals are fully consistent with the Equal Protection Clause.

## CONCLUSION

This Court should grant the petition for rehearing.

Respectfully submitted,

s/ Jacob J. Demree
Jonathan D. Newman
Jacob J. Demree
    D.C. Bar No. 90012042
SHERMAN DUNN, P.C.
900 Seventh St., N.W.
Suite 1000
Washington, D.C. 20001
(202) 785-9300
newman@shermandunn.com
demree@shermandunn.com

*Counsel for Amici Building Trades Unions*

November 19, 2024

# CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limit of Rule 29(b)(4) because, excluding the parts of the document exempted by Rule 32(f), it contains 1,987 words.

2. This document complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Office Word 365 in Century Schoolbook font and fourteen-point type.

3. In accordance with Local Rule 28.3(d), I certify that I am a member of the bar of the Third Circuit in good standing.

4. In accordance with Local Rule 31.1(c), (i) this brief has been scanned for viruses using VIPRE Endpoint Security and is free of viruses; and (ii) paper copies of this brief will be identical to the electronic version of the brief filed via CM/ECF if paper copies are required by the Court.

s/ Jacob J. Demree
Jacob J. Demree
   D.C. Bar No. 90012042
SHERMAN DUNN, P.C.
900 Seventh St., N.W.
Suite 1000
Washington, D.C. 20001
(202) 785-9300
demree@shermandunn.com

## CERTIFICATE OF SERVICE

I certify that on November 19, 2024, this brief was filed using the Court's CM/ECF system. All attorney participants in the case are registered CM/ECF users and will be served electronically via that system.

s/ Jacob J. Demree
Jacob J. Demree
   D.C. Bar No. 90012042
SHERMAN DUNN, P.C.
900 Seventh St., N.W.
Suite 1000
Washington, D.C. 20001
(202) 785-9300
demree@shermandunn.com
